**IN THE UNITED STATES DISTRICT COURT**
**<u>FOR THE DISTRICT OF MARYLAND</u>**

| | | |
|---|---|---|
| LATRYCIA R. BOCK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-25-1323 |
| v. | * | |
| | * | |
| ROBERT F. KENNEDY, JR., | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| | * | |
| LATRYCIA R. BOCK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-25-3498 |
| v. | * | |
| | * | |
| ROBERT F. KENNEDY, JR., et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Former federal employee and self-represented plaintiff Latrycia R. Bock ("Plaintiff") filed each of the above-captioned, and practically identical, civil actions alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Rehabilitation Act of 1973. These matters are before the Court on a Motion to Dismiss or, in the Alternative, for Summary Judgment filed by the defendants in each case. In addition, the plaintiff has filed a Request for Entry of Default in Civ. No. MJM-25-3498. A hearing is not necessary to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the defendants' motions shall be granted, the plaintiff's motion shall be denied, and both cases shall be dismissed without prejudice.

1

## I.   PROCEDURAL HISTORY

On July 5, 2024, Latrycia R. Bock, acting pro se, filed a Complaint in the U.S. District Court for the District of Columbia, alleging that she was subjected to discrimination and retaliation during her employment at the Food and Drug Administration ("FDA"). *See* Civ. No. MJM-25-1323 ("*Bock I*"), ECF No. 1. In addition to suing the Secretary of the U.S. Department of Health and Human Services ("HHS"),[1] Plaintiff also named certain individual defendants, and the district court dismissed these individual defendants from this suit. *Id.*, ECF No. 16. Plaintiff filed a Motion to Enforce Settlement Agreement, ECF No. 12, and then an unopposed Motion to Amend, which this Court construes as an Amended Complaint, ECF No. 26. The district court denied the Motion to Enforce Settlement without prejudice and later transferred the case to this District. *See id.*, ECF No. 50. The HHS Secretary filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, summary judgment pursuant to Rule 56. *See id.*, ECF No. 82. Plaintiff filed a response in opposition to that motion. *See id.*, ECF No. 86.

A few days after Plaintiff filed her initial Complaint in *Bock I*, she filed an almost identical Complaint in the U.S. District Court for the District of Columbia against many of the same defendants, including the HHS Secretary.[2] *See* Civ. No. MJM-25-3498 ("*Bock II*"), ECF No. 1.

---

[1] The HHS Secretary at the time was Xavier Beccera. Pursuant to Fed. R. Civ. P. 25(d), upon the departure of a public officer, their successor is automatically substituted. Because Robert F. Kennedy, Jr. succeeded Xavier Beccera as HHS Secretary, Mr. Kennedy is the proper defendant. The Clerk will be directed to substitute Mr. Kennedy for Mr. Beccera on the court docket.

[2] In addition to the HHS Secretary, Plaintiff named Dr. Robert Califf, James Sigg, III, Tiffany Branch, Tania Tse, Melanie Keller, Yvonne Dubose, and Erin Anderson as defendants (collectively, "Defendants"). The individual defendants in *Bock I* were dismissed from the action, but Plaintiff renamed the individual defendants in *Bock II*. Plaintiff does not dispute that the only proper defendant in a federal employment discrimination action against the federal government is "the head of the department, agency, or unit[.]" 42 U.S.C. § 2000e-16(c); *see also Rios-Grajales v. Bondi*, Civ. No. BAH-24-297, 2025 WL 2484169, at *1 (D. Md. Aug. 28, 2025) (Title VII case); *Moore v. Potter*, 605 F. Supp. 2d 731, 735 (E.D. Va. 2009) (ADA case). Therefore, apart from the HHS Secretary, the individual defendants in *Bock II* must be dismissed, and Secretary Kennedy is the only proper defendant. *See* Fed. R. Civ. P. 25(d).

The second case was also transferred to this District. *See id.*, ECF No. 34. After *Bock II* was transferred here, this Court ordered Defendants to file a response pleading or motion by December 3, 2025. *See Bock II*, ECF No. 41. Defendants did not file a timely response. On December 4, 2025, Plaintiff filed a Request for Entry of Default for want of answer or other defense. *See id.*, ECF No. 42. On December 18, 2025, this Court ordered that Defendants show cause why default should not be entered. *Id.*, ECF No. 46. On January 7, 2026, Defendants filed a notice, explaining that due to "administrative error, the Government shutdown and the timing of the transfer, Civil Action No 1:25-cv-3498 was overlooked by the [United States Attorney's Office] … and never assigned for representation." *Id.*, ECF No. 50 at 1. That same day, this Court ordered Defendants to file a response to Plaintiff's Complaint no later than January 16, 2026. *Id.*, ECF No. 51. On January 16, 2026, Defendants filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56—raising the same arguments it made in the dispositive motion filed in *Bock I* on July 21, 2025. *See id.*, ECF No. 52-1.[3] Plaintiff filed a response in opposition to Defendants' motion on January 23, 2026. *See id.*, ECF No. 54.

## II.    FACTUAL BACKGROUND

Plaintiff formerly served as a Human Resources Specialist with the Center for Biologics Evaluation and Research, FDA, HHS ("Agency"). *See Bock I*, ECF No. 1 ("*Bock I* Compl.") at 7; *Bock II*, ECF No. 1 ("*Bock II* Compl.") at 7. From the beginning of her tenure, Plaintiff disclosed her "psychiatric disability, Bipolar Disorder Type 1," to her supervisors. *Bock I* Compl. at 7. The teaching style of one of her superiors was "difficult to grasp" and she experienced "significant physical and psychological stress." *Id.* at 8. Plaintiff avers that the "hostile work environment, [l]ack of patience, and inadequate training" aggravated her anxiety disorder, bipolar disorder,

---

[3] In their motion, Defendants respond to the allegations in Plaintiff's Amended Complaint in *Bock I*. *See id.*, ECF No. 82-1 at 4.

ADHD, dyslexia, dysgraphia, and dyscalculia. *Id.* Plaintiff also states that due to her learning difficulties and lack of support, her supervisor, Erin Anderson, issued a series of disciplinary actions between 2018 and 2019, which culminated in Plaintiff leaving the Agency. *Id.*

Before departing the Agency, Plaintiff alleges, she experienced defamation, discrimination, and retaliation. *Id.* at 9–10. In 2018, Ms. Anderson allegedly defamed Plaintiff by stating that she was a "threat" because she had "weapons and knives in [her] possession." *Id.* at 10. Plaintiff claims that Ms. Anderson's statements that Plaintiff "is not a nice person" and "tries to come across as a victim when she is the one harassing & intimidating people; she always feels someone is doing things to her, when really the only thing to her was require her to perform her job" is evidence of a discriminatory attitude toward Plaintiff's disability. *Id.* Plaintiff further claims that she was denied reasonable accommodations such as telework and flexible scheduling. *See Bock I*, ECF No. 26 (*Bock I* Am. Compl.) at 4. And she also alleges that her performance reviews were manipulated to show poor performance after she reported "several illegal and improper misuse of OPM hiring authority[.]" *Bock I* Compl. at 4.

Plaintiff claims that, after her termination in June 2019, despite her qualifications, several if not all her applications for re-employment were "obstructed" by Melanie Keller and Lori Thompson, among others, who control and influence the hiring process. *Id.* at 11. Ms. Keller allegedly disseminated "detrimental information" about Plaintiff, which "cultivated an environment of distrust and bias." *Id.* at 13. Plaintiff also states that Tania Tse and James Sigg played a significant role in "perpetuating a negative image" of her, which hinders her reemployment opportunities. *Id.* at 14. Plaintiff cites Tiffany Branch's statement in 2021 that "the agency is not interested in rehiring [her]" as evidence of an intent to exclude Plaintiff from federal opportunities. *Id.* at 15.

Plaintiff initiated several Equal Employment Opportunity Commission ("EEOC") complaints against the Agency. *See Bock I*, ECF No. 82-1 at 2; *Bock II*, ECF No. 52-1 at 2. Plaintiff filed complaint number 531-2020-00017X with the EEOC alleging violations of Title VII, the Rehabilitation Act, and the ADA, based on alleged discrimination and harassment on the basis of disability and retaliation for prior EEO activity (HHS-FDAOC-021-18). *See Bock II*, ECF No. 52-1 at 2. This complaint was settled in 2018. *See id.*

On April 6, 2021, Plaintiff, represented by counsel, signed a settlement agreement in relation to EEOC complaint number 531-2020-00017X ("the 2021 Agreement"). *See Bock I*, ECF No. 82-1 at 2; *Bock I*, ECF No. 83-1 (Exhibit 5).[4] In the 2021 Agreement, Plaintiff agreed to

> waive, release, and forever discharge the Agency, its officers, agents, employees, and representatives (in their official and/or individual capacities) from any claims, demands, or causes of action which Complainant has or may have arising from her employment with the Agency prior to the effective date of this Settlement Agreement, and agrees that any such matter shall be fully covered and resolved by the terms of the Settlement Agreement. This release includes, but is not limited to, a release of any right to administrative, judicial, equitable, or any other type of relief, and of any claim to back pay, attorney's fees and costs, or other type of compensation in the above-captioned complaint, other than what is provided for in this Settlement Agreement. By entering into this Settlement Agreement, Complainant does not, however, waive rights or claims that may arise after the execution of this Settlement Agreement.

*Bock I*, Exhibit 5. The 2021 Agreement went into effect on April 14, 2021. *Id.*

On February 17, 2022, Plaintiff filed another EEOC complaint. *See Bock I*, ECF No. 82-3 at 3 (Exhibit 2). The issues before the EEOC were whether the Agency discriminated against Plaintiff based on her disability and retaliated against her when she was not selected for several

---

[4] Plaintiff refers to the 2021 Agreement in her Amended Complaint, indicating that she is seeking $100,000 for each breach of the agreement, $120.5 million in compensatory damages, $300,000 in punitive damages, and an injunction requiring the Agency to, among other things, adhere to the terms of the settlement agreement. *See Bock I* Am. Compl. at 2–6.

vacant positions. The matter was investigated by the Agency, adjudicated in an EEOC administrative hearing, and resulted in a decision in favor of the Agency. *See id.* at 11. The Administrative Judge determined that some of the non-selection claims brought were subject to dismissal on the basis that they were previously settled through the 2021 Agreement. *Id.* at 7. For the remaining claims, the Administrative Judge found that Plaintiff was unable to prove that the Agency discriminated or retaliated against her. *Id.* at 10.

Plaintiff filed the instant civil actions pursuant to Title VII and ADA, which the Court construes as asserting claims under the Rehabilitation Act.[5]  *See Bock I* Compl. at 3; *Bock II* Compl. at 3. The gravamen of the civil complaints is that the Agency unlawfully discriminated and retaliated against her in declining to rehire her and breached its settlement agreement with her. Plaintiff is seeking, among other relief, $1,000,000 in punitive damages; $120,500,000 in compensatory damages; $200,000 in damages for breaches of the 2018 and 2021 settlement agreements; backpay; reinstatement; leave restoration; and an official apology. *See Bock I* Compl. at 18; *Bock I* Am. Compl. at 2–6; *Bock II* Compl. at 18.

### III.    STANDARDS OF REVIEW[6]

#### A.  Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a civil complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To

---

[5] The ADA does not apply to claims made by federal employees against their employers. Instead, Plaintiff's claims should have been brought under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. *See Lopez-Marine v. Geren*, 2009 WL 10727832, at *2 (D. Md. Apr. 16, 2009) (citing *Hooven-Lewis v. Caldera*, 249 F.3d 259, 266–68 (4th Cir. 2001)). Considering Plaintiff's pro se status, the Court construes Plaintiff's disability discrimination claims as asserted under the Rehabilitation Act.

[6] Summary judgment before discovery is generally disfavored. *See E.I. du Pont de Nemours v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011). Plaintiff, who is pro se, argues that summary judgment is premature. *See Bock I*, ECF No. 86 at 39–40; *Bock II*, ECF No. 54 at 13. Accordingly, this Court declines to assess Defendants' motions under Rule 56 and will decide the motions under Rule 12(b).

survive such a motion, a plaintiff must plead facts sufficient to "raise a right to relief above the speculative level" and "nudge[] [the] claims across the line from conceivable to plausible." *Aziz v. Alcolac,* Inc., 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). Although courts generally accept the complaint's factual allegations as true, they need not accept legal conclusions or "[t]hreadbare recitals of the elements of a cause of action" supported by conclusory statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In resolving a Rule 12(b)(6) motion, courts typically limit their review to the complaint and any documents "attached or incorporated into the complaint." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (permitting consideration of documents attached to or explicitly incorporated in the complaint). In limited circumstances, however, a court may consider documents outside the complaint without converting the motion into one for summary judgment. *Wooten v. Univ. of Maryland, Baltimore*, 733 F. Supp. 3d 402, 415 (D. Md. 2024) (citing *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015)). Specifically, a court may consider documents submitted by the movant if they are integral to the complaint and their authenticity is not disputed. *Goines*, 822 F.3d at 166. In breach-of-contract cases, documents forming the core of the parties' contractual relationship are often deemed integral. *Wooten*, 733 F. Supp. 3d at 416. Courts may also take judicial notice of matters of public record, including EEOC charges and decisions in employment discrimination cases. *Id.* at 418.

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*,

141 S. Ct. 1376 (2021). "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

Finally, when ruling on a Rule 12(b)(6) motion, courts generally do not resolve factual disputes, assess the merits of a claim, or determine the applicability of defenses. *King*, 825 F.3d at 214. However, in the "relatively rare" circumstance where the complaint itself alleges facts sufficient to establish an affirmative defense, the court may address that defense on a motion to dismiss. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

### B. 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. "When a defendant challenges a court's subject-matter jurisdiction to hear a case, the plaintiff bears the burden of establishing that subject-matter jurisdiction exists." *See Touwe v. Mayorkas*, Civ. No. GLS-24-935, 2025 WL 2592225, at *2 (D. Md. Sept. 8, 2025) (citation omitted). When "the defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court 'may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Alpha Psi Chapter of Theta Chi Fraternity v. Bond*, Civ. No. DLB-24-00753, 2025 WL 958782, at *4 (D. Md. Mar. 31, 2025) (quoting *Velasco v. Gov't of* Indonesia, 370 F.3d 392, 398 (4th Cir. 2004)). Put differently, the Court can grant the Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in

dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

## IV. DISCUSSION

### A. Released Claims

To the extent Plaintiff asserts claims arising from her employment with the Agency before April 14, 2021, those claims are not properly before the Court because they are covered by a release in the 2021 Agreement. As discussed in Part III.A *supra*, a Rule 12(b)(6) motion "tests the sufficiency of the complaint," and, therefore, "generally cannot reach the merits of an affirmative defense . . . ." *Goodman*, 494 F.3d at 464. Such a defense "may be reached by" a Rule 12(b)(6) motion only "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint[.]" *Id.*

Here, Defendants assert that the waiver and release in the 2021 Settlement Agreement bar certain of her claims. *See* ECF No. 82-1 at 10 ("All the allegations of discrimination and retaliation referenced in both complaints occurred prior to the 2021 Settlement Agreement, which released the Defendant from liability."). In the 2021 Agreement, Plaintiff agreed to "waive, release, and forever discharge the Agency … from any claims, demands, or causes of action which [Plaintiff] has or may have arising from her employment with the Agency prior to the effective date of this Settlement Agreement," which was April 14, 2021. *Bock I*, Exhibit 5. She further agreed that "any such matter shall be fully covered and resolved by the terms of the Settlement Agreement." *Id.*

The existence and validity of the 2021 Agreement are not in dispute. Indeed, Plaintiff's Amended Complaint references the 2021 Agreement and seeks damages for alleged breaches of it. *See Bock I* Am. Compl. at 5 (seeking relief for Defendant's alleged violations of the 2018 and

2021 settlement agreements). Furthermore, Plaintiff does not contest that she waived any pre-effective date claims. *See Bock I*, ECF 86-1 at 20; *Bock II*, ECF 54 at 16. Instead, she argues that she is asserting "retaliation, disability discrimination, and blacklisting *following* the execution of the 2021 Settlement agreement." *Bock I*, ECF 86-1 at 20 (emphasis added). Accordingly, the Court considers the 2021 Settlement Agreement and construes Plaintiff's pleadings as alleging only post-effective date refusal-to-hire claims. These post-settlement claims are not barred by the 2021 Agreement. *See Bock I*, Exhibit 5 ("By entering into this Settlement Agreement, however, Complainant does not, however, waive rights or claims that may arise after the execution of this Settlement Agreement.").

### B. Post-Settlement Claims for Failure to Hire

Even construing Plaintiff's allegations as asserting post-settlement claims for discriminatory failure to hire, these claims are not adequately pleaded and are therefore subject to dismissal. Plaintiff's initial Complaint alleges that, "despite [her qualifications,]" she has "faced consistent obstruction in the hiring process for various positions." *Bock I* Compl. at 13. Defendants argue that, although Plaintiff alleges the Agency refused to hire her despite her qualifications, she "does not include any specific details regarding what positions she is referring to, when she applied, or why she believes her applications were 'obstructed.'" *Bock I*, ECF No. 82-1 at 11. According to Defendants, Plaintiffs' pleadings are legally insufficient because they offer only conclusory assertions, leaving "no way to know what the Plaintiff is attempting [to] allege." *Id.* Plaintiff responds that communications labeling her as "violent" and a "problem" stigmatized her known disabilities and interfered with her reinstatement opportunities, thereby reflecting "retaliatory and discriminatory animus in violation of the Rehabilitation Act and Title VII." *Bock*

*I*, ECF No. 86 at 33. But even accepting these allegations as true, Plaintiff fails to plead sufficient facts to state a plausible claim for relief.

Generally, a plaintiff asserting a claim for disability discrimination under either the ADA or the Rehabilitation Act "must allege that (1) she has a disability, (2) she is otherwise qualified to receive the benefits of a public service, program, or activity, and (3) she was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005). "[A] a successful Rehabilitation Act claim requires a showing of discrimination '*solely* by reason of' disability." *Krpan v. Bd. of Educ. of Howard Cnty.*, Civ. No. ELH-12-2789, 2013 WL 4400475, at *9 (D. Md. Aug. 15, 2013) (quoting 29 U.S.C. § 794(a)); *see also Halpern v. Wake Forest Univ. Health Scis.*, 669 F.3d 454, 461 (4th Cir. 2012). To establish retaliation in violation of the Rehabilitation Act, "a plaintiff must either offer sufficient direct and indirect evidence of retaliation," or present a prima facie case by showing "(1) she engaged in a protected activity; (2) her employer acted adversely against her; and (3) her protected activity was causally connected to her employer's adverse action." *Smith v. CSRA*, 12 F.4th 396, 416 (4th Cir. 2021).

Plaintiff's initial Complaint provides no details about which positions she refers to or when she applied. Although courts must construe pro se pleadings liberally, they "cannot be expected to construct full blown claims from sentence fragments[.]" *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Nor may a court "rewrite a complaint in order for it to survive a motion to dismiss." *Carmax Auto Superstores, Inc. v. Sibley*, 194 F. Supp. 3d 392, 401 (D. Md. 2016), *aff'd*, 730 F. App'x 174 (4th Cir. 2018).

In her Amended Complaint, Plaintiff identifies several Agency job postings for which she was not selected, including: (1) Executive Assistant (FDA-CDER-19-MP-10418359); (2) Program Analyst (FDA-CDRH-19-MP-10465275); and (3) Program Support Specialist (FDA-CTP-20-MP-10645710-CJ). *See Bock I* Am. Compl. at 4. But the Amended Complaint still fails to allege, in any coherent way, facts to support any reasonable inference that Plaintiff's non-selection for these positions was based solely on her disability or that it was based any protected activity. 29 U.S.C. § 794(a); *see Halpern*, 669 F.3d at 462 (4th Cir. 2012); *Krpan*, 2013 WL 4400475, at *9. She does not allege any circumstances within or surrounding the hiring process "that raise a reasonable inference of unlawful discrimination." *Abilt v. Cent. Intel. Agency*, 848 F.3d 305, 316 n.9 (4th Cir. 2017). Plaintiff does not allege, for example, that the persons within HHS who decided not to hire her afforded better treatment to other similarly situated applicants who did not have Plaintiff's disability. Nor does she allege that these decisionmakers were aware of any prior protected activity by Plaintiff such that their decision not to hire her could have been based on any unlawful retaliatory motive. Instead, Plaintiff offers only conclusory assertions that she was subjected to "systemic blackballing" and that Defendants "engaged in retaliatory hiring practices to obstruct [her] employment opportunities, demonstrating intentional exclusion." *See Bock I*, ECF No. 26 at 4. No facts are offered to support these accusations. Such threadbare allegations are insufficient to state a plausible claim for relief.[7] Accordingly, these claims are subject to dismissal.

---

[7] Moreover, contrary to Plaintiff's assertion, it is not clear that she applied for any of these positions after the effective date of the 2021 Agreement. *See Bock I*, ECF No. 86 at 38 (arguing, without citation, that "the record includes evidence of Plaintiff applying for positions after the effective date of the 2021 Agreement."). To the contrary, Defendant provides citations to the record that shows each of the job postings identified by Plaintiff was either recalled or closed before the 2021 Agreement, and that she received notice of such. *See Bock I*, ECF 82-1 at 4–5. Although dismissal is warranted without the administrative record, the records provided are not in dispute. The job announcement for FDA-CDER-19-MP-10418359 was open from February 13, 2019, to March 5, 2019. *See Bock I*, ECF No. 82-1 at 4 (citing Exhibit 1, ROI-1 at 295). The position was later recalled and not filled. On January 28, 2020—before the 2021 Agreement—Plaintiff was notified that she was not selected for the role. *Id.* (citing Exhibit 1, ROI-1 at 254). The job

Plaintiff also alleges that the Agency breached her settlement agreements, *see, e.g.*, *Bock I*, ECF No. 86 at 21, but this Court lacks jurisdiction to grant the relief she seeks. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)). "[A] waiver of the traditional sovereign immunity cannot be implied but must be unequivocally expressed." *Id.* (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). The plaintiff bears the burden of demonstrating such a waiver. *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). In her Amended Complaint, Plaintiff asserts claims for breach of the 2018 and 2021 settlement agreements, *Bock I* Am. Compl. at 2, but fails to identify any waiver of the government's immunity. The absence of any such waiver is fatal to Plaintiff's claims.

In *Frahm v. United States*, 492 F.3d 258 (4th Cir. 2007), a former IRS employee alleged that the government breached a settlement agreement resolving her Title VII claims. *Id.* at 260. The district court dismissed the claim, reasoning that

---

announcement for FDA-CDRH-19-MP-10465275 was open from April 9, 2019, to April 22, 2019. *Id.* The announcement was cancelled for administrative or budgetary reasons, and no applications were reviewed. *Id.* at 5 (citing Exhibit 1, ROI-1 at 52, 302). On February 4, 2021, prior to the 2021 Agreement, Plaintiff was informed that she was not selected for the position. *Id.* (citing ECF No. 83-4 "Exhibit 8, Applicant Notification"). The job announcement for FDA-CTP-20-MP-10645710-CJ was open from November 18, 2019, to December 14, 2019. *Id.* (citing Exhibit 1, ROI-1 at 313). On August 3, 2020—before the 2021 Agreement—Plaintiff was notified that she was not selected for the position. *Id.* (citing ECF No. 83-3 "Exhibit 7, ROI-1b" at 610).

Plaintiff's argument that, although non-selection occurred before the 2021 Agreement—discovery might show that the decision was not really made until after April 14, 2021, is unpersuasive. *See Bock* II, ECF 54 at 17. Plaintiff's complaints do not allege as much, and there is no plausible basis to credit this speculation.

> 1) the language of the settlement agreement does not allow for monetary damages as a remedy in case of breach, and 2) 29 C.F.R. § 1614.504(a)[8] provides for two exclusive alternatives in the event of breach of a settlement agreement, neither of which includes monetary recovery.

*Id.* at 262. The Fourth Circuit affirmed, holding that Title VII's waiver of sovereign immunity does not extend to "monetary claims against the government for breach of a settlement agreement" and that relief is limited to that provided in § 1614.504(a). *Id.* Accordingly, such claims are barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction. *Id.*; *see also Webster v. Mattis*, No. 117CV01384TSEIDD, 2018 WL 1082848, at *3–4 (E.D. Va. Feb. 15, 2018), *aff'd*, 731 F. App'x 214 (4th Cir. July 17, 2018). Courts in other circuits have reached the same conclusion. *See, e.g.*, *Taylor v. Geithner*, 703 F.3d 328, 335 (6th Cir. 2013); *Cobb v. Kendall*, No. 3:22-CV-1867-B-BH, 2023 WL 4534955, at *4–5 (N.D. Tex. June 28, 2023).

*Frahm* compels dismissal here. Plaintiff seeks $200,000 for the Agency's alleged breach of the parties' settlement agreements, but the agreements do not authorize monetary damages. To the extent Plaintiff seeks nonmonetary relief, *Frahm* makes clear that 29 C.F.R. § 1614.504 provides the exclusive mechanism for such relief—either specific implementation of the agreement or reinstatement of the underlying discrimination claim. Indeed, Plaintiff appears to acknowledge that she is pursuing the administrative process and that "the review remains

---

[8] Section 1614.504(a) provides, in pertinent part,

> If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented or, alternatively, that the complaint be reinstated for further processing from the point processing ceased.

29 C.F.R. § 1614.504(a).

ongoing." *Bock I*, ECF No. 26 at 4–5.[9] *See also Berry v. Gutierrez*, 587 F. Supp. 2d 717, 726 n.5 (E.D. Va. 2008) (noting that a plaintiff in similar circumstances must exhaust administrative remedies before seeking relief in federal court).

In sum, Plaintiff has not identified an unequivocal waiver of sovereign immunity permitting her claims, so the relief she seeks is unavailable in this forum. Plaintiff's breach-of-contract claims must be dismissed for lack of subject matter jurisdiction.

## V.    CONCLUSION

For the foregoing reasons, the motions to dismiss pending in both of these actions shall be granted, and Plaintiff's pleadings are dismissed without prejudice. Plaintiff's motion for default in Civ. No. MJM-25-1323 shall be denied.[10] The Clerk shall substitute Mr. Kennedy for Mr. Beccera on the court docket in each case and shall close both cases. A separate Order will issue.

  3/30/26  
Date

Matthew J. Maddox  
United States District Judge

---

[9] Notably, the unredacted version of the 2021 Settlement Agreement, which was filed by Plaintiff, provides that 29 C.F.R. § 1614 governs in the event a party thinks that a breach occurred. *See Bock I*, ECF 86-11 at 7, 10.

[10] Federal Rule of Civil Procedure 55(a), governing the entry of default, states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Importantly, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Entry of default would be improper here because Defendants have appeared and asserted defenses to Plaintiff's claims and have shown that Plaintiff's claims lack merit.